## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:22-CV-00579-JHM**

**JEFFREY L. DRIVER**                                              **PLAINTIFF**

**VS.**

**ERNIE ROBERSON,** *et al.*                                      **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Jeffrey L. Driver filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

On October 25, 2022, Plaintiff initiated this *pro se* 42 U.S.C. § 1983 civil-rights action.[1] [DN 1].  Plaintiff sues the following Defendants in their individual and official capacities:  Ernie Roberson, staff member at Chestnut Transition House; Don Blackburn, "owner" of Chestnut Transition House; Nicklos McClain, Kentucky Department of Corrections Parole Officer; and Nick Kindred, supervisor at Chestnut Transition House.  [*Id.*].

Plaintiff states that in January 2019, he was a resident at the Chestnut Transition House in Louisville, Kentucky.  He "was [a] volunteer to go to halfway house on parole."  [*Id.* at 4].  Plaintiff alleges that on January 27, 2019, at approximately 8:40 p.m., Roberson came upstairs, kicked Plaintiff repeatedly until he came to, and then ran.  [*Id.* at 5].  Roberson then called the police and Kindred.  Plaintiff contends that he woke up Blackburn, the owner of the halfway house, who

---

[1] In *Brand v. Motley*, the Sixth Circuit explained that under the "prison mailbox rule," a pro se prisoner's complaint is usually deemed filed when it is handed over to prison officials for mailing but that courts have "expand[ed] the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." 526 F.3d 921, 925 (6th Cir. 2008) (citations omitted).

condoned Roberson's behavior.  [*Id.* at 4].  A police officer arrived at the halfway house, asked to see the video of the incident, and was told by staff to come back tomorrow.  [*Id.* at 5].  Parole Officer McClain "came the next day" on January 28, 2019, "and locked Plaintiff up."  [*Id.*].  Plaintiff asserts that he sustained injuries to his right hip and right knee.  [*Id.*].

Based on these allegations that occurred on January 27 and 28, 2019, Plaintiff now brings a claim against Roberson for excessive force in violation of the Fourth Amendment.  Plaintiff also asserts that McClain and Blackburn deprived Plaintiff of his property without due process in violation of the Fifth Amendment.  He also alleges that Defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment.  [DN 3].  Plaintiff seeks compensatory damages, punitive damages, and parole reinstatement.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A.  Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers,*

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KRS § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, Plaintiff specifically states that the events giving rise to these claims occurred on January 27 and 28, 2019. Plaintiff's claim, therefore, are barred by the statute of limitations since it is clear that Plaintiff knew of the alleged injuries more than one year before the instant action was initiated on October 25, 2022. For this reason, this action must be dismissed for failure to

state a claim upon which relief may be granted. *See, e.g., Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

## IV.

For the reasons set forth above, the Court will dismiss this action as barred by the statute of limitations.

Date:   May 16, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.014